UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80707-CIV-DIMITROULEAS

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY, a foreign
corporation,

       Plaintiff,

vs.

LAVELLE CONSTRUCTION &
DEVELOPMENT CORP., a Florida
corporation, AMERICAN HOME
ASSURANCE COMPANY, a wholly
owned subsidiary of AMERICAN
INTERNATIONAL GROUP, INC.,
a foreign corporation, GARY
NICKLAUS and AMY NICKLAUS,

       Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants American Home Assurance

Company, Lavelle Construction & Development Corp., Gary Nicklaus and Amy Nicklaus's

Motions to Dismiss Second Amended Complaint [DE-15, 16, and 22].  The Court has carefully

considered the Motions, Plaintiff's Response [DE-20], Defendants' Replies [DE-25, 26], the

arguments presented at the hearing before the undersigned on October 16, 2009, and is otherwise

fully advised in the premises.

## I. BACKGROUND

Plaintiff Crum & Forster Specialty Insurance Company ("C&F") filed the above-styled

action on May 8, 2009.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is

diversity of citizenship and the amount in controversy exceeds $75,000.00.  C&F filed an

Amended Complaint on June 25, 2009.  The Court dismissed the Amended Complaint on August

18, 2009 [DE-10] finding that C&F failed to adequately plead a claim for relief under Federal

Rule of Civil Procedure 8(a)(2).  The Court granted C&F leave to file an amended complaint

and, accordingly, on August 21, 2009 C&F filed its Second Amended Complaint. [DE-12].

The Second Amended Complaint largely tracks the allegations of the Amended

Complaint.  According to the Second Amended Complaint ("Complaint"), C&F is an Arizona

corporation that provided insurance to Defendant Lavelle Construction & Development

Corporation ("Lavelle"), a Florida corporation.  On or about August 11, 2006, Gary and Amy

Nicklaus (collectively referred to as the "Nicklauses"), Florida residents, entered into a contract

with Lavelle for the construction of a home.  The Nicklauses obtained property insurance for this

residence from American Home Assurance ("AHA"), a New York corporation.  C&F issued

commercial general liability insurance for the period from July 1, 2008 to July 1, 2009 to

Defendant Lavelle.  They also issued a commercial excess liability policy for the same period.

Construction began on October 26, 2006 and was ongoing until August 20, 2008, when a fire

broke out inside the residence.  At the time of the fire, the residence was 98% completed, and it

had not yet received a certificate of occupancy.  As a result of the fire, a large portion of the

structure was destroyed, and the house is considered a total loss.

The Complaint goes on to allege that C&F has received notice that AHA has made, or

will be making, a claim against Lavelle and others for reimbursement of all payments AHA has

made or will make to the Nicklauses under the property insurance policy.  The claimed total loss

is in excess of $4,000,000.00.  C& F alleges that the only possible basis for such a claim by AHA

against Lavelle is that the loss arose from the work, or incorrectly performed work, of Lavelle or

its subcontractors, regardless of what precise legal theory or theories AHA may assert against

Lavelle.  Lavelle contends that C&F is obligated to provide it a defense under the policies with

respect to any claims or suits brought against it in connection with the destruction of the

residence.  C&F is defending Lavelle under a reservation of rights.  Lavelle and the other

Defendants also contend that C&F is obligated to indemnify Lavelle.  C&F points to exclusions

in the policies that it argues excludes coverage under the circumstances.  It therefore brings a

declaratory action seeking a finding that there is no coverage under its primary policy or the

excess coverage policy.

      C& F asserts two counts.  Count I is for the primary policy, alleging that at the time of the

loss, the partially-completed residence and its contents were in the care, custody, or control of

Lavelle, and Lavelle's operations under the contract were ongoing.  Consequently, C&F argues

that the loss is excluded from coverage as the policy provides that insurance does not apply to

property damage to "personal property in the care, custody or control of the insured," "real

property on which [the insured] or any contractors or subcontractors ... are performing

operations, if the 'property damage' arises out of those operations," or due to work that was

"incorrectly performed." [DE-12, ¶ 30].  Further, C&F argues that there is no coverage with

respect to any property damage arising from work or operations performed prior to July 1, 2008.

      Count II is for the excess policy, alleging that there is no coverage under the excess policy

based on an exclusion that provides that there is no excess coverage if coverage is excluded

under the primary policy.  In addition, C&F further alleges that, like the primary policy, there is

no coverage for property damage to "real property on which [the insured] or any contractors or

subcontractors ... are performing operation, if the 'Property Damage' arises out of those

operations," or damage to "real or personal property in the care, custody or control of any

insured."  Thereafter, Defendants filed the instant Motions to Dismiss. [DE-15, 16, 22].

## II.  DISCUSSION

**A.      Legal Standard**

Federal courts are confined to only addressing an actual case or controversy.  See U.S.

Const. art. III, § 2.  "The difference between an abstract question and a "case or controversy" is

one of degree . . . and is not discernible by any precise test . . . [t]he basic inquiry is whether the

'conflicting contentions of the parties . . . present a real, substantial controversy between parties

having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'"

Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289 (1979) (quoting Railway Mail Ass'n

v. Corsi, 326 U.S. 88, 93 (1945); citing Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S.

270, 273 (1941)); see also, Church of Scientology of California v. United States, 506 U.S. 9

(1992) (federal court has no authority to give opinions upon moot questions, abstract

propositions, or to declare principles or rules of law which cannot affect matter in issue in case

before it).  Therefore, courts determine whether an actual controversy exists on a case-by-case

basis.  U.S. Fire Insurance Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir.

1991).

Further, the Declaratory Judgment Act, 28 U.S.C. § 2201, confers on federal courts

substantial discretion in deciding whether to declare the rights of litigants. See Wilton v. Seven

Falls Co., 515 U.S. 277, 286 (1995).  "[A] district court is authorized, in the sound exercise of its

discretion, to stay or dismiss an action seeking a declaratory judgment." Id. at 288; see also Old

Republic Union Ins. Co. v. Tillis Trucking Co. Inc., 124 F.3d 1258 (11th Cir. 1997).  Even where

a district court has jurisdiction over a suit brought pursuant to the Declaratory Judgment Act, the

court is "under no compulsion to exercise that jurisdiction." Brillhart v. Excess Ins. Co. of Am.,

316 U.S. 491, 494 (1942).

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a

short and plain statement of the claim showing that the pleader is entitled to relief," in order to

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Conley v. Gibson, 355 U.S. 41, 47 (1957).  Under Federal Rule of Civil Procedure 12(b)(6), a

motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to

state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).  "A claim has facial plausibility

when the pleaded factual content allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(citing Twombly, 550 U.S. at 556).  The allegations of the claim must be taken as true and must

be read to include any theory on which the plaintiff may recover.  See Linder v. Portocarrero, 963

F.2d 332, 334-36 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)).

However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of

action's elements, supported by mere conclusory statements . . .".  Iqbal, 129 S. Ct. at 1949.

Once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations in the complaint, and "a district court weighing a motion to

dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims.'" Twombly, 550 U.S. at n.8 (quoting Scheuer v. Rhodes,

416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984)).

**B.      Defendants' Motions to Dismiss**

Each of the three Defendants filed separate motions to dismiss raising largely the same

legal issues.  Defendants argue that C&F has failed to provide any factual allegations that would

plausibly support either its contention that an actual case or controversy exists or the applicability

of its cited policy exclusions.  Consequently, Defendants argue that C&F's allegations are

woefully inadequate under the pleading standards of Bell Atlantic Corporation v. Twombly, 550

U.S. 544 (2007).  For instance, Defendants argue that C&F failed to allege "defective" work by

Defendant Lavelle caused the fire or when that "defective" work purportedly occurred.  Instead

of identifying Defendant Lavelle's role and/or responsibility in either causing or contributing to

the fire, Defendants argue that C&F has merely offered the conclusory allegation that coverage

under the policies is precluded.

In response, C&F argues that the only possible basis for Defendant AHA's claim against

Lavelle is that the work or operations of Defendant Lavelle or its subcontractors caused the

damage for which AHA seeks recovery.  Consequently, C&F argues that allegations identifying

Defendant Lavelle's role and/or responsibility in causing or contributing to the fire, or identifying

defective work that caused the fire are not necessary to a determination of whether C&F's policy

provides coverage.  In effect, C&F is arguing that it does not need to allege sufficient facts as to

the cause of the fire, but instead can rely solely on the allegation that AHA claims the damage

rose out of the operations of Lavelle or its subcontractors to find that the policy exclusions bar

coverage.  C&F also argues that additional allegations are irrelevant to C&F's claims in light of

the policy exclusion for damage to personal property in the "care, custody or control of the

insured."  C&F argues that the contract between Lavelle and the Nicklauses sets forth the scope

of work and demonstrates that the property was in Lavelle's care, custody or control and,

therefore, coverage is barred by the exclusion for damage to "personal property in the care, custody or control of the insured."[1]

In reply, Defendants argue that simply because AHA is making or may make a claim against Lavelle does not mean, in and of itself, that whatever work or operations AHA believes caused the damage automatically triggers the application of the policy exclusions. Instead, Defendants argue that C&F must still allege sufficient facts showing the policy exclusions apply, particularly where as here there is no underlying complaint, since C&F bears the burden to demonstrate that the fire claim falls "solely and entirely within the policy exclusion and [is] subject to no other reasonable interpretation." Castillo v. State Farm Fla. Ins. Co., 971 So. 2d 820, 824 (Fla. 3DCA 2007). The Court agrees.

The Court previously noted that this case presents a fine line between an actual controversy in a declaratory judgment action and a plausible claim for relief in such an action. It may be that C&F has artificially created the controversy by alleging that it disputes coverage when, in reality, AHA has not, and may not ever, make a claim against Lavelle that would trigger the C&F policies. However, taking the allegations as true, in light of Federal Rule of Civil Procedure 11(b)(3)'s admonition that factual contentions have evidentiary support, C&F has received notice that AHA has made or will be making claims against Lavelle. Thus, the Court reaffirms its previous conclusion that the Complaint has alleged a coverage dispute and that C&F

---

[1] C&F also argues that the Supreme Court's decision in Twombly did not create a heightened pleading standard and attempts to distinguish Twombly from the present facts. As previously explained by this Court, the Court does not accept C&F's argument that Twombly's standards only apply in actions similar to the one that was before the Supreme Court. As discussed in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), addressed above, the analysis of the standard was based on the Court's interpretation and analysis of Federal Rule of Civil Procedure 8 and, therefore, the Supreme Court's analysis applies with equal force to the case at hand. Iqbal, 129 S. Ct. at 1953.

is unsure as to its rights to deny coverage.  As alleged, this is sufficient to present a controversy.

See Nirvana Condo. Ass'n v. QBE Ins. Corp., 589 F. Supp. 2d 1336 (S.D. Fla. 2008) (complaint

properly stated a cause of action for declaratory judgment based on insurance coverage dispute).

Nevertheless, while C&F's allegations may be sufficient to present an actual controversy,

this does not mean that C&F has alleged "enough facts to state a claim to relief that is plausible

on its face."  Twombly, 550 U.S. at 570.  C&F claims that there is no coverage for the fire

damage due to various policy exclusions and understandably seeks to preemptively determine

that it is not obligated to defend and indemnify Lavelle before incurring potentially unnecessary

fees and costs.  Yet, this case is distinguishable from the typical coverage dispute case where

there is an underlying complaint with sufficient facts alleged for the court to determine whether

the exclusions apply.  Here, there is no underlying dispute and, therefore, the only facts before

the Court regarding the fire damage and the policy exclusions are those alleged by C&F in the

complaint for declaratory relief.  However, other than generally citing to the potential policy

exclusions that may apply, C&F has presented no facts indicating plausible grounds for applying

such exclusions to the facts at hand.

For instance, there are no allegations plausibly demonstrating that the cause and origin

of the fire are somehow attributable to Defendant Lavelle or its subcontractors.  C&F has alleged

no facts whatsoever demonstrating Defendant Lavelle's role and/or responsibility in either

causing or contributing to the fire damages that would trigger the policy exclusions.  Indeed,

C&F admits that the "cause and origin of the fire are unknown." [DE-12, ¶13].  Moreover, other

than the generic reference to the construction contract between Lavelle and the Nicklauses and

the conclusory allegation that the damaged property was in Lavelle's "care, custody or control,"

there are no factual allegations plausibly demonstrating that the policy exclusion relating to

"personal property in the care, custody or control of the insured" should apply.  Quite to the contrary, as addressed at the hearing before the undersigned, there appears to be many plausible grounds from which it could be determined that the policy exclusions would *not* apply to the present facts.  Thus, while Defendants are generally on notice as to what C&F will assert, they have no notice as to any factual circumstances giving rise to these assertions or how to respond. The Complaint only provides a threadbare and conclusory ground for a declaratory judgment and the Court is unable to draw a reasonable inference that coverage may properly be excluded.

### III.  CONCLUSION

Accordingly, for the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants American Home Assurance Company, Lavelle Construction & Development Corp., Gary Nicklaus and Amy Nicklaus's Motions to Dismiss Second Amended Complaint [DE-15, 16, and 22] are hereby **GRANTED**.

2. Plaintiff's Amended Complaint [DE-10] is hereby **DISMISSED without prejudice** to be refiled when additional facts are available that support its claim for application of the policy exclusions or when the underlying insurance action has been instituted.

3. The Clerk is directed to **CLOSE** this case and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 19th day of October, 2009.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record